Case number three for argument today is United States v. Gonzalez-Torres. Mr. DeMere. Thank you, Your Honor, and may it please the Court. Isaias Gonzalez-Torres' sentence was enhanced based upon the finding that he was a manager or supervisor in a conspiracy, but because there is insufficient proof to show that Gonzalez-Torres possessed more ownership or authority than his co-conspirators, that finding was error. This Court should therefore vacate and remand the sentence. Interpreting the guidelines, this Court's case law requires a defendant's role to feature one of three features. First, control over others. Second, an ability to structure the criminal enterprise. Or third, a defendant's centrality to the scheme. Without such a feature present, the enhancement would lose its focus on management and instead turn on mere enthusiasm or initiative. Gonzalez-Torres' role possessed none of these three features. First and most telling, Gonzalez-Torres had no hierarchical or coercive control over any other defendant in the scheme. Before you go too far down, you are not contesting that the criminal activity here involved five or more participants, correct? I am not contesting that, Your Honor. And back to that first point, Gonzalez-Torres did call for certain actions to happen, but there is nothing that suggests that those actions would be required to happen because Gonzalez-Torres said that they should happen. Furthermore, not once in the record did Gonzalez-Torres discipline or otherwise physically oversee or dominate his fellow co-conspirators. And since Gonzalez-Torres participated in the same activities that the co-conspirators, over whom he was said to have control, did on wire transfers and drug deliveries, the record instead shows that Gonzalez-Torres is on the same level as those he supposedly controlled, like Vicente Goose. Second, Gonzalez-Torres held neither ownership or broad authority over the conspiracy at issue. He did not shape the form of the Indianapolis drug trade, and rather he was a replacement part, sent in to fill a role that anybody could fill. His presence or absence, in other words, had little to do with the creation, the development, or the success of the overall drug trade in Indiana. Unlike other defendants that this court has heard from, and as well as orchestrators. And to the third point, Gonzalez-Torres was not at the center of the conspiracy. He was not a leader or the primary focus of the conspiracy, and the conspiracy didn't revolve around his choices, unlike the defendants in cases like Cochran and Tate. All other considerations the sentencing court relied upon fail in light of Gonzalez-Torres' role as applied to these three features. How do you get around Agent Collins' testimony? The agent testified that your client had an essential role in running the drug organization, that it was the role of a mid-level manager, that he set the compensation for others who were lower in the hierarchy. We have the recorded transactions where your client is referring to his workers and directing others. You might interpret those differently, but that's not what the standard is. How do you get around that evidence? Your Honor, to the first of the points about workers, that statement alone cannot provide the evidence required, because first of all, the sentencing court would have to look to one of these three features. And just a statement that little workers exist doesn't mean that those little workers were Gonzalez-Torres', or that he had actual authority over them. And then he has other conversations with one of his co-conspirators telling him what to do. I need you to get me two guys to do this. So we see him directing others in these recorded conversations. Your Honor, simple directing has not been held in this court to be sufficient to show manager status. In Cullen, the defendant ordered other co-conspirators to drive Cullen to a dealer's house so he could deliver drugs. And similarly, in this case, Gonzalez-Torres requested that certain drug transactions be made. But without one of the three features, control, shaping, or centrality, those requests are just requests, and they don't show actual control. And I want to also direct this court's attention to the fact that Gonzalez-Torres might have been on the call when the drug prices were set or when a recruitment happened, but he didn't make that call. That was Lucero Asencio. And being on the same call as a manager does not create manager status. And being on the same call doesn't point the sentencing court to any of these three features that this court has held to be required to show manager status. And the same thing holds true for the size of the conspiracy and the other factors in the Note 4 considerations. Each of those don't point this court's attention to whether a defendant had an outsized role versus whether a defendant was on the same level as other co-conspirators. And, Your Honors, I want to briefly touch on the point that this error is harmless. Given that the sentencing application, or given this erroneous application, Gonzalez-Torres has the chance to receive a lower sentence upon remand. The ramifications of this three-point enhancement were significant because Gonzalez-Torres was unable to make either a safety valve argument or a first-timer offender argument. And were both of these arguments to prevail, the sentencing guide range would require a shorter sentence, or the judge would have to make an upward variance. And both of these arguments require that a defendant has a managerial status. Absent that status, different arguments would have to be made and different justifications would have to be made as to why the same sentence should apply. And the district court below did not provide any account of why that would be the case in light of the renewed arguments and the removed enhancement. And a conclusory statement that the 3553 factor should apply is insufficient because a detailing of the court's explanations would be required before a parallel result proves that a remand would be pointless. For these reasons, Gonzalez-Torres respectfully requests that his sentence should be vacated and remanded. Thank you, Mr. DeMere. Ms. Caraballo-Colón. Good morning, Your Honors. May it please the court, Christina Caraballo on behalf of the United States. We would first like to quickly address some of the statements made by the defendant. And we agree with the court when the court says that that is not the standard. In all his briefs, the defendant is clearly asking this court to make a new interpretation of the facts, which is not faithful to the law or any of the facts or the evidence in the record. This court has said that just because, as Your Honor said earlier today, the court may resolve differently, that would not be a basis for reversal. It's also said that when there are two permissible views of the evidence, in this case, the district judge and the defendants, that the district court's choice is not clearly erroneous. The actual standard that this court has guided the district court to follow is to consider the totality of the circumstances, to use the factors provided by the guidelines as a guide. They are not a checklist that they all need to be present. They may use some or all, but they don't have to be all present. And what the defendant seems to continue to be doing is conveniently focusing on three different factors, which is not the standard established by this court. Furthermore, the findings of facts that the judge did were very clearly detailed, supported by the evidence in the case. The judge made at least, made findings of fact of at least five of the seven suggested non-exhaustive lists provided by the guidelines, recounting specific portions, like Your Honor just mentioned, different intercepted calls. The judge also included details where he said he made a finding about authority and recruitment. He said when the defendant used the term, I need, the judge said, he's referring to recruiting couriers that are going to do deliveries. The judge made a finding about authority, citing the portion where the defendant said, pay me the money. The judge even said, using the defendant's words, that his authority over others was clear when he used the words, little workers or errand boys, and he said, he told other people over the line, I'm sending someone who's running my errands. Furthermore, the judge made a finding about sharing of the fruits and the profits, referring to the call when the defendant was speaking to another person about dividing the profits 50-50. The judge also said that the defendant was not only coordinated, and we quote the judge, but he was also directing, and he said there's also some recruiting in the other phone call when he said, the defendant said, I need you guys to do some wires to Mexico. So this is only a sample of the extensive detail that the district court made when supporting its finding of facts, and the standard is that, as Your Honor earlier said today in the prior case, this court has to work with what the opinion in Cologne. The defendant relies very heavily on that opinion. That is correct, Your Honor. We respectfully disagree completely. Cologne, this is a very different case, and it actually doesn't help the defendant. In Cologne, the court used the word atypical. In Cologne, the court said that a middleman alone, without a boss, quote apply the enhancement automatically, and that is right. That is contrary to what happens with Gonzalez-Torres. Gonzalez-Torres did have minions. Gonzalez-Torres has had his little workers and has this errand boy, as said by the defendant and by the judge. Individual factors alone, in that case being a middleman, would not grant the enhancement, but this court said that the middleman only when coupled with other facts indicating that the defendant exercised some, not continuous control like the defendant seems to portray, some control over others or was responsible for organizing some other actions of others would grant it. In that case, actually, the court concluded that the defendant, because he was a middleman, he did not exercise any control over others. In that case, he simply asked other people a take me there and he went and did it. He didn't, there was no evidence that he had other people doing errands for him like we had in this case. There was no evidence that he was recruiting people to coordinate deliveries and bring back the money. There was no evidence that he was, which is all the evidence that we have in Gonzalez-Torres' case, Your Honor. So, therefore, we respectfully submit that because the district court did not clearly err in making findings of facts and those findings of facts correctly support the role enhancement, we respectfully ask that this court affirm the judgment. Thank you. Thank you, counsel. Anything further, Mr. DeMere? Your Honors, I have three short points upon rebuttal. The first is that Gonzalez-Torres isn't quibbling with the standard of review. Rather, he suggested that this court look at the facts and see that those facts do not point to the conclusions that demonstrate management. They don't point to whether Gonzalez-Torres actually had control over other co-defendants or whether he structured the Indianapolis drug trade. Instead, those conclusions point to the same situation we had in Colon. Second, Gonzalez-Torres also doesn't dispute the fact that this is a totality test, but the totality of the circumstances does need to be aimed towards whether each of these three features of a job description is met, because in no case that this court has looked at has it found management status without control or structuring or centrality. And finally, with regard to the points about whether Gonzalez-Torres has minions, the government is unable to differentiate Colon without looking to those facts that we were talking about earlier. Driving in and of itself is an errand, and saying that a request has to be delivery-based so that a defendant can do something himself is slicing the case law too thin. What we have here, Your Honors, is a colon situation, and for this reason the court should vacate and remand. Thank you. Thank you, Mr. DeMere. And once again, Mr. Palmer, we thank you, we thank Mr. DeMere, and we thank the law school for their assistance to your client and the court. The case is taken under advisement.